

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

44 South Broadway, White Plains, NY 10601
T: 212 354 0111
www.osenlaw.com

January 30, 2026

**VIA ECF**

The Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: *Estate of Ezra Schwartz v. Qatar Charity*, No. 25-cv-09630-JMF

Dear Judge Furman:

     Plaintiffs write in brief response to Qatar Charity's letter motion for reconsideration (styled as a motion "to file an opposition to [Plaintiffs'] Motion [for Alternative Service]") of this Court's Order granting Plaintiffs leave to serve Qatar Charity by e-mail to counsel. Ltr. at 1.

     Plaintiffs note that they served a copy of their motion for alternative service on DLA Piper immediately after filing it, *see* Exhibit A, as well as a copy of the Court's Order, *see* ECF No. 24-2.

     Qatar Charity's sole basis for seeking reconsideration is that "Plaintiffs should not be permitted to bypass the formal, internationally authorized methods for service of a Qatari entity—*i.e.*, 'as the foreign authority directs in response to a letter rogatory or letter of request'—as Federal Rule 4(f)(2)(B) mandates." Ltr. at 2. (The remainder of Defendant's letter consists of assurances that this case is baseless for largely unrelated reasons.)

     However, Rule 4(f) does not "mandate" that Plaintiffs attempt service by letter rogatory or letter of request and thus Plaintiffs did not "bypass" those methods. As this Court has explained, "[t]here is no hierarchy among the subsections in Rule 4(f)." *Atlantica Holdings, Inc. v. BTA Bank JSC*, No. 13-cv-5790 (JMF), 2014 U.S. Dist. LEXIS 45618, at *7 (S.D.N.Y. Mar. 31, 2014) (internal quotation marks and citation omitted). Indeed, the Court noted specifically that the *Atlantica* plaintiffs had "not sought to undertake the costly and time-consuming option of service via letters rogatory, [but] they did diligently seek to negotiate acceptance of service with White & Case." *Id.* at *9. Here, Plaintiffs sought to negotiate acceptance of service with DLA Piper *and* served Qatar Charity by FedEx (Qatar Charity does not dispute that Plaintiffs served it at the correct address; *see also* Pls. Mem., ECF No. 21, at 2 (noting Qatar Charity did "*not* dispute" this same address in *Sotloff v. Qatar Charity*)).

                      Respectfully submitted,

                      /s/ Michael Radine

cc:    All counsel

Encl.