UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                      :

ESTATE OF EZRA SCHWARTZ et al.,          :

                           Plaintiffs,     :          25-CV-9630 (JMF)

            -v-                    :           ORDER

                                                 :

QATAR CHARITY et al.,              :

                           Defendants.    :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On January 27, 2026, the Court issued an Order granting Plaintiffs leave to serve Defendant Qatar Charity via email to its United States counsel pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. ECF No. 23. On February 13, 2026, Qatar Charity submitted a motion for reconsideration of that Order. ECF No. 28. That motion is DENIED for substantially the reasons set forth in Plaintiffs' memorandum of law opposing the motion for reconsideration. *See* ECF No. 31. If anything, the brief submitted in support of the motion for reconsideration only *strengthens* the case for service by alternative means as it confirms that Qatar Charity received but intentionally rejected — *i.e.*, evaded — Plaintiffs' attempted service by mail. *See* ECF No. 29, at 6.[1] In accordance with the Court's prior Order, Plaintiffs may therefore proceed with service by email on Qatar Charity's U.S. counsel, DLA Piper LLP.

---

[1] Citing the dismissal of other cases brought against it in recent years, Qatar Charity argues that the Court lacks personal jurisdiction over it for reasons unrelated to service, *see id.* at 10-11, but that puts the cart before the horse. Those arguments — on which the Court reserves judgment pending a proper motion to dismiss — have no bearing on whether alternative service is proper.

Separately, the Court notes that the Complaint in this case was filed on November 18, 2025, but the docket does not reflect that it has been served on Defendant Bank of Palestine.  No later than **March 10, 2026**, Plaintiffs shall file a letter indicating whether Bank of Palestine has been served, and if so, when and in what manner such service was made.  If Bank of Palestine has not yet been served, Plaintiffs should propose a deadline for doing so in their letter.

The Clerk of Court is directed to terminate ECF No. 28.

SO ORDERED.

Dated: February 24, 2026
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

2